IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | CRIMINAL ACTION NO. 14-27-RGA |
| v. | : | |
| | : | |
| DESHAWN GROCE, | : | |
| a/k/a "Deshawn Friend" | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Charles M. Oberly, III, United States Attorney for the District of Delaware, and Mark M. Lee, Assistant United States Attorney, and the Defendant, Deshawn Groce, by and through his attorney, Rocco C. Cipparone, Esquire, the following agreement is hereby entered into by the respective parties in accordance with Federal Rule of Criminal Procedure 11:

1. By this Plea Agreement, the Defendant agrees to enter a voluntary plea of guilty in the United States District Court for the District of Delaware to Count One of the Superseding Indictment, which charges him with Conspiracy to Sponsor a Dog in an Animal Fighting Venture, in violation of Title 18, United States Code, Section 371; Title 7, United States Code, Sections 2156(a)(1) and (b); and Title 18, United States Code, Section 49.

2. In consideration of the Defendant's timely entry of a guilty plea to Count One of the Superseding Indictment, the United States will move to dismiss the original Indictment as against him, and the remaining Count of the Superseding Indictment as against him at or about the time of sentencing.

3. The Defendant understands that the charge to which he is pleading guilty in Count One of the Superseding Indictment carries the following maximum statutory penalties: five (5)

years imprisonment, a $250,000 fine; three (3) years supervised release; and a $100 special assessment.

4. The Defendant understands that if he were to proceed to trial on Count One of the Superseding Indictment, the United States would have to prove each of the following elements beyond a reasonable doubt: (1) that two or more persons agreed to sponsoring a dog in an animal fighting venture; (2) the Defendant was a party to or member of that agreement; (3) that the Defendant joined the conspiracy knowing of its objective and intended to join with at least one other alleged conspirator to achieve that objective; and (4) that at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objective of the agreement.

5. Provided that the United States does not subsequently learn of conduct by the Defendant inconsistent with his acceptance of responsibility, the United States agrees that in consideration of the Defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense Level for the Defendant's affirmative acceptance of responsibility, pursuant to Sentencing Guideline Section 3E1.1(a). Further, if it is determined that the Defendant's Offense Level, prior to the application of the aforementioned two-level reduction, is Level 16 or greater, the United States agrees to move for the reduction of the Offense Level by one additional level, pursuant to Sentencing Guideline Section 3E1.1(b), for a total reduction of three levels.

6. The Defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. At the time of sentencing, the United States agrees to recommend a sentence of incarceration of time served. The Defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge.

The District Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The Defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, or otherwise different than the Defendant expected, or contrary to the recommendation of his attorney or the United States, the Defendant will not be allowed to withdraw his guilty plea on that basis.

7. The Defendant knows that he has, and voluntarily and expressly agrees to waive, the right to file any appeal, any collateral attack, or any other writ or motion in this criminal case after sentencing – including but not limited to, an appeal under Title 18, United States Code, Section 3742 or Title 28, United States Code, Section 1291 or a motion under Title 28, United States Code, Section 2255 – except that the defendant reserves the right to file a collateral attack on grounds of ineffective assistance of counsel. Defendant further reserves his right to appeal on the following grounds: 1) the United States appeals the sentence, 2) the Defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or 3) the sentence unreasonably exceeds that Sentencing Guideline range determined by the District Court in applying the United States Sentencing Guidelines.

8. The Defendant agrees to pay the Special Assessment of $100.00 at the time of sentencing. If the Court orders the payment of any fine as part of the Defendant's sentence, and if the Defendant is sentenced to a term of incarceration, the Defendant agrees voluntarily to enter the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the Defendant's prison salary and apply it on the Defendant's behalf to the payment of the outstanding debt ordered.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

_____
Rocco C. Cipparone, Esq
Attorney for Defendant

_____
Deshawn Groce
Defendant

CHARLES M. OBERLY, III
UNITED STATES ATTORNEY

By: _____
Mark M. Lee
Assistant United States Attorney

Dated: 10/22/14

AND NOW, this 22nd day of October, 2014, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE RICHARD G. ANDREWS
UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

4